UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ALLEN FOX,

        Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

CASE NO. 10-cv-05669 RBL-JRC

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S COMPLAINT

NOTED: November 18, 2011

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. (<u>See</u> ECF Nos. 17, 18, 19).

After considering and reviewing the record, the undersigned finds that the Administrative Law Judge ("the ALJ") erred in his evaluation of the medical evidence by not providing specific and legitimate reasons for rejecting the conclusions of examining

physician, Terri Robinson, M.D. Therefore, the Court should order that this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff summarizes his background accurately in his opening brief.

> Plaintiff was born in 1965. Tr.119. He took special education classes for reading and writing, but did graduate from high school. Tr. 30. He worked a number of jobs, including as an installer at Les Schwab, as a long haul trucker, and as a maintenance worker. Tr. 178. On August 23, 2007, plaintiff was working at McDonalds unloading a truckload of supplies consisting of 600-700 boxes. Tr. 33. After a few hours he developed back pain that radiated to his left leg. Tr. 389. [On] October 2, 2007, [an] MRI revealed mild degenerative disk disease at L4-L5 and L5-S1, with mild canal stenosis at L4-L5 and mild retrolisthesis [a backward slippage of one vertebrae into the vertebrae immediately below] of L5-S1 with disc space narrowing. Tr. 283. Plaintiff developed a weakness in his left leg that resulted in random giving [way] and caused him to fall. Tr. 267. As a result, plaintiff needed a cane to stand or walk.[] Tr. 267. Plaintiff's pain forced him to alternate between sitting, standing, and walking. Tr. 37. His pain also prevented him from sleeping more than 2 or 3 hours a night. Tr. 163, 435.

(ECF No. 17, Plaintiff's Opening Brief, pp 2-3).

Although plaintiff participated in several rounds of physical therapy, this provided only limited relief. (See Tr. 389, 410). According to at least one physician, he was not a surgical candidate. (See Tr. 408).

## PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income on October 28, 2008, alleging disability beginning on August 23, 2007 (Tr. 119-25, 126-33). His claims were denied initially (Tr. 55-58) and on reconsideration (Tr. 62-66). An ALJ held a hearing on September 2, 2009 (Tr. 25-50). Plaintiff was

represented by counsel (Tr. 30-43). The ALJ found the plaintiff not disabled on September 21, 2009. (Tr. 9-24). Plaintiff appealed to the Appeals Council, which denied plaintiff's request for review on July 19, 2010 (Tr. 1–5), making the ALJ's decision the Commissioner's final decision. The final agency decision is subject to judicial review. See 20 C.F.R. §404.981.

In his opening brief, plaintiff contends that the ALJ: (1) failed to evaluate properly the medical source opinion; and (2) failed to account for all of plaintiff's limitations in his residual functional capacity analysis. Plaintiff requests that the matter be reversed and remanded for award of benefits. (ECF No. 17, p. 2).

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971).

The Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of SSA, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing* SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (other citation omitted)); see also Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted).

## DISCUSSION

1. <u>The ALJ erred in his consideration of the medical opinion evidence</u>.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995) (*citing* <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1396 (9th Cir. 1991); <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Lester</u>, <u>supra</u>, 81 F.3d at 830-31 (*citing* <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1043 (9th Cir. 1995)). However, the ALJ "need not discuss *all* evidence presented." <u>Vincent on Behalf of Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). The ALJ must only explain why "significant probative evidence has been rejected." <u>Id</u>. (*quoting* <u>Cotter v. Harris</u>, 642 F.2d 700, 706-07 (3d Cir. 1981)).

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. <u>Lester</u>, <u>supra</u>, 81 F.3d at 830 (*citing* <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987)). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." <u>Lester</u>, <u>supra</u>, 81 F.3d at 830 (citations omitted); <u>see also</u> 20 C.F.R. § 404.1527(d). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. <u>Lester</u>, <u>supra</u>, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence

in the record." Tonapetyan, supra, 242 F.3d at 1149 (*citing* Magallanes, supra, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." Van Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831).

Plaintiff's main complaint in this case is that the ALJ failed to evaluate properly the functional assessment provided by examining physician Terri Robinson, M.D., who concluded that plaintiff could only be expected to stand and walk for two hours in an eight hour work day and sit for four hours in an eight hour work day. Tr. 439.

Instead, the ALJ gave significant weight to the residual functional capacity assessment provided by non-examining, reviewing physicians with the Disability Determination Services ("DDS") (Tr. 21). Dr. Robinson and DDS agree that plaintiff could only be expected to stand and walk for two hours in an eight hour work day. But DDS disagreed with Dr. Robinson's assessment regarding plaintiff's ability to sit for only *four* hours in an eight hour work day, and instead concluded that plaintiff could sit about *six* hours in an eight hour work day. If the ALJ had accepted Dr. Robinson's conclusions, then plaintiff would have been considered disabled. Instead, the ALJ accepted DDS' conclusions and determined that he was not disabled.

Plaintiff argues that the ALJ failed to set out a detailed and thorough summary of the facts and conflicting clinical evidence for rejecting Dr. Robinson's opinion regarding his functional limitations in favor of DDS' opinion. (ECF No. 17, at pp. 6-8).

Initially, it should be noted that although plaintiff also contends that the ALJ improperly evaluated the conclusions of other treating physicians, none of these other treating physicians completed a functional assessment. (See, e.g., Tr. 21-22, 383, 408, 386, 416). Nevertheless, the reasons provided by the ALJ for rejecting Dr. Robinson's conclusions are suspect. The ALJ stated:

> Dr. Robinson examined the claimant on only one occasion. His physical examination findings that the claimant had mild atrophy of the left leg with some radicular symptoms and decreased strength in the left quadriceps, hamstrings, hip flexors, are inconsistent with those reported by Dr. Veech just 2 ½ months previously as discussed above (Exhibit 20F). It appears Dr. Robinson relied heavily on the subjective reports of the claimant in making his opinion. . . . Dr. Robinson's opinion that the claimant requires an assistive device such as a cane for ambulation is not given full weight in light of report of physical examinations performed by Dr. Dunaway, Dr. Jacobsen, and Dr. Veech which revealed minimal neurological deficit as discussed above. Although the claimant reported to Dr. Robinson that he could no longer afford pain medications or to see a physician for medication prescriptions, he also reported he was taking Fluoxetine for depression. (Exhibit 23F/1-2). The record also reveals that the claimant returned to Dr. Dunaway on August 10, 2009, requesting referral for chest x-ray. At that time it was reported he was taking prescription pain medication on an as needed basis (Exhibit 21F/1). He testified at the hearing that he is on state general assistance and currently has access to medical care.

(Tr. 21-22).

There are several problems with the ALJ's evaluation. First, when reviewing Dr. Robinson's report, it is inconsistent with the ALJ's conclusion that Dr. Robinson was relying heavily on plaintiff's "subjective reports." (Tr. 21-22). On the contrary, Dr. Robinson performed a physical examination, including an examination of claimant's extremities, coordination/station/gait, range of motion, and motor strength/muscle bulk and tone, and sensory examinations. The ALJ's conclusion that Dr. Robinson relied

heavily on subjective reports is contradicted clearly by the physical examination and functional assessment analysis that is noted in the record. For example, Dr. Robinson's assessment of atrophy was premised in part on specific objective evidence, that is, circumference differences between plaintiff's right and left legs. (See Tr. 439). Dr. Robinson noted that plaintiff's "[t]high circumference on the left side was 38.0 cm compared with 41.0 cm on the right. Calf circumference 32.0 cm on the left and 33.0 cm on the right." (Tr. 439). There appear to be no other corresponding or contradictory measurements by any of his other treating physicians. (See, e.g., Tr. 383, 386, 408, 416). Therefore, if anything, Dr. Robinson's objective assessment, at least on that point, is uncontradicted. Overall, the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Robinson's functional assessment.

Second, Dr. Robinson's physical functional assessment was not inconsistent with the opinion of Dr. Veech. Dr. Veech never provided a physical functional assessment. Although some of his observations may have been inconsistent with Dr. Robinson's observations, Dr. Veech never opined that plaintiff could sit for more than four hours in an eight hour work day. (See Tr. 436-439).

Third, Dr. Robinson's conclusion that plaintiff needed his cane is not contradicted by his treating physicians. (See Tr. 383, 386, 415).

Since Dr. Robinson was an examining physician, and his opinion was contrary to the opinions of the non-examining, reviewing physician at DDS, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record to credit the opinion of the non-examining physician over the opinion of Dr. Robinson. See

Van Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831). He failed to do so, here.

While this Court will not second guess an ALJ's interpretation of the evidence, the ALJ's interpretation must be supported by substantial evidence, which in this case it is not. Therefore, this matter should be reversed for further findings.

2. The ALJ assigned to this case following remand must evaluate anew plaintiff's residual functional capacity.

Based on a review of the relevant record and based on the ALJ's errors already discussed, the Court finds that the ALJ's finding regarding plaintiff's residual functional capacity was not based on substantial evidence in the record as a whole. Therefore, the ALJ assigned to this matter following remand must evaluate anew plaintiff's residual functional capacity. Similarly, the ALJ assigned to this matter following remand must, if necessary based on the five-step sequential disability evaluation process, obtain new vocational expert testimony.

Simply put, plaintiff's award seems to hang on the very smallest of differences between DDS' conclusions and Dr. Robinson's conclusions. There is scant information in the file that provides substantial evidence for either conclusion. Plaintiff's award or denial of benefits should not rise or fall on a record such as this.

3. Plaintiff is not entitled to a remand for direct award of benefits.

The Ninth Circuit has put forth a "test for determining when evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172, 1178, 2000 U.S. App. LEXIS 38646 at **17 (9th Cir. 2000). It is

appropriate where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Harman, 211 F.3d at 1178 (*quoting* Smolen, 80 F.3d at 1292).

Here, outstanding issues must be resolved. See Smolen, 80 F.3d at 1292. Although the ALJ failed to provide legally sufficient reasons for rejecting some of the medical evidence in this matter, the medical evidence is not entirely conclusive.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971)); see also Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980).

Therefore, remand is appropriate to allow the Administration the opportunity to consider properly all of the medical evidence as a whole, to develop the record where needed, and to incorporate the properly considered medical evidence into the consideration of plaintiff's residual functional capacity. See Sample, 694 F.2d at 642.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** to the administration for further

consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 18, 2011, as noted in the caption.

Dated this 24th day of October, 2011.

J. Richard Creatura
United States Magistrate Judge